**Order filed April 23, 2015**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-14-00129-CR**

_____

**LANNY MARVIN BUSH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 42nd District Court**
**Coleman County, Texas**
**Trial Court Cause No. 2602**

**O R D E R**

Appellant's court-appointed attorney of record, Emily Miller, has filed in this court a motion to withdraw as counsel for Appellant in this capital murder case; she requests, alternatively, that we extend her briefing deadline from May 14, 2015, to July 12, 2015. Miller states, "Good cause exists for withdrawal because [Appellant] has filed a complaint with the State Bar of Texas against Movant." According to the motion, Appellant also filed a complaint against his previous court-appointed

attorney. Miller states that the "withdrawal is not sought for delay" but is sought so that Appellant may "be represented by counsel of his choice." In the motion, Miller indicates that she is unable to communicate effectively with Appellant. We deny the motion to withdraw.

We note that this appeal was abated on December 11, 2014, for the appointment of counsel after Appellant's previous appellate counsel filed a motion to withdraw based upon his acceptance of an offer to become an assistant district attorney. In accordance with our December order, the trial court appointed Miller as appellate counsel on December 17, 2014. This court sent Miller a copy of the appellate record on January 9, 2015. Miller has filed two motions for extension of time in which to file Appellant's brief. Both of those motions were granted in part.

Whether counsel should be allowed to withdraw from a case is a matter within the court's discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). However, personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal, and the right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. *Id.* Additionally, the filing of a grievance against an appointed attorney does not necessarily create a conflict of interest or require that counsel be permitted to withdraw. *See Perry v. State*, 464 S.W.2d 660, 664 (Tex. Crim. App. 1971) (filing civil action against appointed attorney does not per se create conflict of interest). We note that, contrary to Miller's assertion in her motion to withdraw, Appellant is not entitled to appointed counsel of his choice. *See King*, 29 S.W.3d at 566 (trial court has no duty to search for counsel that is agreeable to the defendant). Miller has presented this court with nothing to show that her motion to withdraw should be granted.

Consequently, we deny Miller's motion to withdraw as counsel. We grant in part the alternative request for an extension of time in which to file Appellant's brief.

The brief on behalf of Appellant is now due to be filed in this court on or before June 29, 2015. This court expects the brief to be filed without any further request for extension.

PER CURIAM

April 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.